```
                                              FILED BY _____ D.C.
     IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF TENNESSEE    05 JUN -7 PM 4:28
              WESTERN DIVISION
                                             ROBERT R. DI TROLIO
                                             CLERK, U.S. DIST. CT.
                                             W.D. OF TN, MEMPHIS
```

WILLIAM GROSS, )
)
Petitioner, )
)
v. )
) No. 04-3053 Ma/P
UNITED STATES OF AMERICA, )
)
Defendant. )

---

**ORDER DENYING "MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE"**

---

On October 19, 2001, Petitioner William Gross entered a plea of guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. On January 18, 2002, he was sentenced on that count to eighty-seven (87) months of incarceration. The trial court enhanced Petitioner's sentence based on its factual finding that the Petitioner reasonably could have foreseen that a co-defendant would possess a weapon in the drug trade. Petitioner appealed, and the Sixth Circuit Court of Appeals affirmed his sentence on October 2, 2003.

Petitioner brings the instant action, which the court construes as a petition challenging his sentence under 28 U.S.C. §

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-8-05



2255.[1] Petitioner argues that his sentence enhancement violates the United States Supreme Court's decisions in Blakely v. Washington, - U.S. -, 124 S. Ct. 2531 (2004), United States v. Booker, - U.S. -, 125 S. Ct. 738 (2005), and United States v. Fanfan, - U.S. -, 125 S. Ct. 738 (2005),[2] because his base offense level under the Federal Sentencing Guidelines was increased based on facts that were not found by a jury beyond a reasonable doubt.

## I. Analysis

"Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005)(citing Schiro v. Summerlin, - U.S. -, 124 S. Ct. 2519, 2523 (2004)). An exception applies if a new rule of criminal procedure applies to 1) "rules forbidding punishment of a certain primary conduct or to rules prohibiting a certain category of punishment for a class of defendants because of their status," or to 2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citing Beard v. Banks, - U.S. -, 124 S. Ct. 2504, 2513-14 (2004)); see also Teague v. Lane,

---

[1] Petitioner has styled this action as a motion in his previous criminal case. It has been docketed, and the court will construe it, as a separate civil action. See 28 U.S.C. § 2255.

[2] Booker and Fanfan had not been decided when Petitioner filed this motion, but those decisions extended the holding in Blakely to the Federal Sentencing Guidelines, and the petition expressly anticipates this outcome.

2

489 U.S. 288 (1989).

A conviction becomes final for purposes of 28 U.S.C. § 2255 "upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). Because Petitioner's conviction was affirmed on October 2, 2003, there is no question that, for purposes of this proceeding, his conviction had become final when the petition was filed and when the Booker decision was announced. The Sixth Circuit has explicitly held that the Booker decision constitutes a new rule of criminal procedure and that it does not apply retroactively under the recognized exceptions. See Humphress, 398 F.3d at 862-63. Thus, Petitioner may not use the Booker decision as a basis to review his sentence under 28 U.S.C. § 2255. Id. at 863.

II. Conclusion

For the foregoing reasons, the petition is DENIED.

So ORDERED this 6th day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:04-CV-03053 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

Jacob E. Erwin
WAGERMAN LAW FIRM
200 Jefferson Avenue
Ste. 1313
Memphis, TN 38103

USA
,

Honorable Samuel Mays
US DISTRICT COURT